OPINION — AG — (1) IF A CLASSIFIED EMPLOYEE MEETS THE REQUIREMENT OF THE STATUTE AND THE RULES OF THE TEACHERS' RETIREMENT SYSTEM, SERVICE CREDIT MAY BE GRANTED FOR LESS THAN FULL TIME EMPLOYMENT. (2) A RETIREE OF THE TEACHERS' RETIREMENT SYSTEM CAN ESTABLISH ADDITIONAL SERVICE CREDITS WHERE THE MEMBER WAS ELIGIBLE FOR SUCH SERVICE CREDITS, BUT THE EMPLOYER FAILED TO MAKE THE REQUIRED DEDUCTIONS. (3) IF A CLASSIFIED EMPLOYEE IS ENTITLED TO SERVICE CREDIT UNDER THE RULES OF THE TEACHERS' RETIREMENT SYSTEM, THEN UNDER 70 O.S. 1979 Supp., 17-116.2(C) [70-17-116.2]. THE EMPLOYER IS REQUIRED TO MAKE DEDUCTIONS FROM THE EMPLOYEE'S SALARY. (4) AN EMPLOYER CAN BE CAUSED TO COMMENCE DEDUCTIONS FOR A MEMBER WHO IS ELIGIBLE TO PARTICIPATE BUT FOR WHOM NO DEDUCTIONS ARE BEING MADE. HOWEVER, THERE IS NOTHING OUTLINED IN THE STATUTE TO INDICATE THE PROCEDURE TO BE FOLLOWED FOR CORRECTING THE TYPE OF ERROR REFERRED TO IN YOUR QUESTION. CITE: 70 O.S. 1971, 17-110 [70-17-110], 70 O.S. 1971, 17-104(2) [70-17-104], 70 O.S. 1978 Supp., 17-108(13) [70-17-108], 70 O.S. 1979 Supp., 103 [70-103] [70-103](1), OPINION NO. 71-207 (SCHOOLS) (KAY HARLEY JACOBS) FILENAME: m0010005 Senator Roy Boatner Attorney General of Oklahoma — Opinion January 14, 1981 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Is a member of the Teachers' Retirement System entitled to receive service credit for the purpose of retirement benefits as a classified employee when employed less than full-time and on which the employer did not cause deductions from the employees payroll and did not remit contributions in behalf of such employee to the Teachers' Retirement System ? "2. If the answer to Question number 1 is in the affirmative, can a member retired and receiving benefits establish additional service credit when properly verified and under circumstances as set forth in Question number 1? "3. Is the employer of classified members required to cause to be deducted from the payroll of those classified members employed less than full-time, contributions to the Teachers' Retirement System? "4. If the employer has not and is not causing to be deducted the classified members contribution, can the employer be caused to commence deductions and can the employer be required to cause to be withheld deductions for any past period on which deductions were not withheld?" We assume, for the purpose of answering your first question, that the employee in question is a classified employee. The Board of Trustees of the Teachers' Retirement System is granted statutory authority to promulgate rules regarding service credits at 70 O.S. 17-104 [70-17-104](2) (1971) which states: "The Board of Trustees shall fix and determine by appropriate rules and regulations how much service in any year is equivalent to one (1) year of service, but in no case shall it allow any credit for a period of absence without pay of more than one (1) month's duration nor shall more than one (1) year of service be creditable for all services in one (1) school year. Service rendered for a regular school year shall be equivalent to one (1) year's service." Under this authority the Board of Trustees has promulgated the following pertinent rules: "Membership service credit will be granted and contributions accepted only where teaching is done on not less than one-half (1/2) time basis. Where teaching is done on a one-half (1/2) time basis, only one-half (1/2) year of creditable service shall be granted. Substitute teaching cannot be accepted as credit toward calculating retirement benefits in the Retirement System. "Combining Fractions of a Year to Equal a School Year. "a. After an employee has completed one (1) full year of employment, a term of school of not less than six (6) months duration will be counted as a year of employment. "b. If a member has been employed for parts of school terms in different districts, state colleges or universities in Oklahoma in the same school year, these parts of school terms may be combined to make a year of employment. "c. Individual semesters or summer terms of employment in different school years may be combined to make a ten-month school term. Two (2) summer terms of eight weeks each will be counted to equal a semester, and four such summer terms will equal a school year. Fractional parts of different school terms may be combined to make a term of school. In such cases the five-year leave of absence shall be counted from the date of the close of the first fractional part of the employment. The length of such term will be determined by the length of the term of school where the member was last employed as a teacher. If the combined fractional parts equal less than a school term, the five-year period of absence will be extended the exact number of months for which contributions have been received in the Retirement Office. Under no circumstance shall more than one year of credit be given for all employment in any one fiscal year." Reference to these rules allows for determinations of when service credits can be granted for less than full-time employment. If, under the above rules, a classified employee is entitled to service credit based on less than full-time employment, then pursuant to 70 O.S. 17-116.2 [70-17-116.2](C) (1979) the employer must make deductions from the employee's salary. 70 O.S. 17.116.2 [70-17.116.2](C) provides: "Each employer shall cause to be deducted from the salary of each member on each and every payroll of such employer for each and every payroll period, five percent (5%) of his earnable compensation." In answer to question number one, a classified employee may be entitled to receive service credits for employment on a less than full-time basis, if the employment comes within the statutory guidelines and the pertinent rules adopted by the Board. Your second question asks whether a retired member, who is already receiving benefits, can establish additional service credits that were apparently not counted prior to retirement. As previously stated, if a member is entitled to service credits, the employer is under a duty to make deductions from the employee's salary. It should also be noted that all classified employees are required by law to be members of the Retirement System. 70 O.S. 17-103 [70-17-103](1) (1979). At 70 O.S. 17-110 [70-17-110] (1971) the Board of Trustees is given the following authority: ". . . Should any charge or error in the records result in any member or beneficiary receiving from the retirement system more or less than he would have been entitled to receive had the records been correct, the Board of Trustees shall correct such error, and so far as practicable, shall adjust the payment in such a manner that the actuarial equivalent of the benefit to which such member or beneficiary was correctly entitled shall be paid, and to take from the Interest Fund sufficient to reimburse the Fund where an overpayment had already been made, and any such overpayment recovered from the member shall be placed in the Interest Fund." This provision makes it mandatory upon the Board of Trustees to correct errors in the records which adversely affect a member of the Teachers' Retirement System. There is no distinction drawn in the statute between current members and retirees. The language of the statute indicates that if underpayments are being made to a retired member or beneficiary, the Board must, as far as is practicable, adjust the payments to reflect the amount to which the member is entitled. In a prior Attorney General Opinion it was found that a retired teacher who had made reduced contributions to the Teachers' Retirement System, could make up the difference since the contributions were based on an amount less than the full annual salary of the teacher. Atty Gen. Op. No. 71-207. Therefore, in answer to your second question, a retired member of the Teachers' Retirement System, who is already receiving benefits, can establish additional service credits which were not reflected in the record due to error. Your third question has previously been answered. If a classified employee is entitled to service credit under the rules set out above, then under 70 O.S. 17-116.2 [70-17-116.2](C) (1979) the employer is required to make deductions from the employee's salary. Your fourth question asks whether an employer can be caused to commence making deductions for an individual who qualifies as a member but for whom no deductions are being made. Again, it must be noted that 70 O.S. 17-116.2 [70-17-116.2](C) (1979) requires the employer to deduct the amount contributable to the retirement system from the employees salary. Furthermore, 70 O.S. 17-108 [70-17-108](13)(a)(5) (1978) provides the following: "Failure of any superintendent, officer, or other person to discharge the duties imposed upon him by this act shall render him or his bondsman liable for any loss occasioned thereby to the Teachers' Retirement System or the employees of the school district, or both." We find nothing, however, in the statutes or the rules and regulations of the Board of Trustees, which would indicate what procedure should be followed, upon the occurrence of the above referenced situation. Any determination as to such a procedure is properly a legislative function. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. If a classified employee meets the requirements of the statute and the rules of the Teachers' Retirement System, service credit may be granted for less than full-time employment. 2. A retiree of the Teachers' Retirement System can establish additional service credits where the member was eligible for such service credits, but the employer failed to make the required deductions. 3. If a classified employee is entitled to service credit under rules of the Teachers' Retirement System, then under 70 O.S. 17-116.2 [70-17-116.2](C) (1979) the employer is required to make deductions from the employee's salary. 4. An employee can be caused to commence deductions for a member who is eligible to participate but for whom no deductions are being made. However, there is nothing outlined in the statute to indicate the procedure to be followed for correcting the type of error referred to in your question. (KAY HARLEY JACOBS) (ksg)